**133 Nev., Advance Opinion 27**

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| MICHAEL SARGEANT, INDIVIDUALLY AND ON BEHALF OF OTHERS SIMILARLY SITUATED, Appellant, vs. HENDERSON TAXI, Respondent. | No. 69773 |



FILED

JUN 01 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

Appeal from an order granting summary judgment and an order denying class certification in a Minimum Wage Amendment case, Nev. Const. art. 15, § 16. Eighth Judicial District Court, Clark County; Michael Villani, Judge.

*Affirmed.*

Leon Greenberg Professional Corporation and Leon M. Greenberg and Dana Sniegocki, Las Vegas,
for Appellant.

Holland & Hart LLP and Anthony L. Hall and R. Calder Huntington, Las Vegas; Holland & Hart LLP and Ricardo N. Cordova, Reno,
for Respondent.

---

BEFORE DOUGLAS, GIBBONS and PICKERING, JJ.

*OPINION*

By the Court, PICKERING, J.:

Appellant Michael Sargeant filed a class-action lawsuit against respondent Henderson Taxi seeking back pay and equitable relief

17- 18192

under the Minimum Wage Amendment of the Nevada Constitution, Article 15, Section 16 (MWA). In response to Sargeant's motion to certify the class action, Henderson Taxi produced an agreement that resolved an earlier-filed grievance for wage adjustments under the MWA brought by the union that represented Henderson Taxi cab drivers. Based on the grievance's resolution, the district court denied class certification. Thereafter, the district court granted Henderson Taxi's motion for summary judgment against Sargeant. We affirm.

*SUMMARY JUDGMENT*

The district court granted summary judgment against Sargeant, in part, because Sargeant did not file a substantive opposition to the summary judgment motion. The summary judgment order recites:

> Not only did the opposition not include any facts contradicting the fact that the Union settled any minimum wage claims Henderson Taxi's drivers may have had prior to the settlement, none were presented at oral argument either. Further, at the hearing on Henderson Taxi's Motion, [Sargeant's] counsel conceded that if this Court construed its prior order as holding Mr. Sargeant's right to bring any legal action as alleged in his complaint was extinguished by the Union's grievance settlement with Henderson Taxi, nothing would substantively remain in this case to litigate as a settlement had occurred and judgment would be proper.

The appellate appendix does not include a transcript of the oral argument on the summary judgment motion, copies of most of the exhibits to the motion, including the charge Sargeant filed with the National Labor Relations Board (NLRB) protesting the union's resolution of its grievance against Henderson Taxi, or Henderson Taxi's reply. Although we review an order granting summary judgment de novo, *Wood v. Safeway, Inc.*, 121

Nev. 724, 729, 121 P.3d 1026, 1029 (2005), to the extent these omissions impair meaningful review of the summary judgment proceedings, we presume the omitted materials support the district court's decision. *See Cuzze v. Univ. & Cmty. Coll. Sys. of Nev.*, 123 Nev. 598, 604, 172 P.3d 131, 135 (2007).

The district court's description of Sargeant's opposition to Henderson Taxi's motion for summary judgment is accurate. The opposition did not comply with NRCP 56(b), which requires "a concise statement setting forth each fact material to the disposition of the motion which the party claims is or is not genuinely in issue, citing the particular portions of any pleading, affidavit, deposition, interrogatory, answer, admission, or other evidence upon which the party relies." And the opposition offered no facts or legal authority to counter Henderson Taxi's arguments that (1) under the Collective Bargaining Agreement (CBA), the union was "'the exclusive representative for all taxicab drivers employed by the Company in accordance with the certification of the National Labor Relations Board Case # 31-RC-5197'" (quoting the CBA § 1.1); (2) "[w]hen *Yellow Cab*[1] was issued, the Union exercised the right granted to it by the CBA and the NLRA [(National Labor Relations Act)] to negotiate and resolve 'matters of wages, hours, and other conditions of employment'" by grieving and then resolving Henderson Taxi's payment of MWA wages (quoting CBA § 2.1 and citing 29 U.S.C. § 158(d)); (3) there existed a "bona fide dispute as to whether Henderson Taxi's cab drivers were owed minimum wage for any period of time prior to the issu[ance] of the *Yellow*

---

[1]*Thomas v. Nevada Yellow Cab Corp.*, 130 Nev., Adv. Op. 52, 327 P.3d 518 (2014).

*Cab* decision and what the statute of limitations was when the Union filed its Grievance," making it permissible to settle the accrued claims (citing *Chindarah v. Pick Up Stix, Inc.*, 90 Cal. Rptr. 3d 175, 180 (Ct. App. 2009)); and (4) if Sargeant believed the union acted against the interest of its members in resolving the MWA grievance it lodged against Henderson Taxi, Sargeant's recourse lay in a breach of duty of fair representation claim against the union (citing and then distinguishing *14 Penn Plaza LLC v. Pyett*, 556 U.S. 247, 249 (2009)).

In opposing summary judgment, Sargeant focused not on his individual claims but on his then-pending motion for partial reconsideration of the earlier order denying class certification (and on the battle over fees and costs he saw coming). Thus, Sargeant confined his opposition to the argument that he did not know about the union's grievance or its resolution when he filed his complaint and moved for class certification. In his opposition, Sargeant stated that: (1) the motion for class certification "was predicated upon there being *no* union involvement with defendant's 'settlement' payment conduct"; (2) if judgment was to be entered, it should be entered in Sargeant's favor for $107.23 (this being the sum due Sargeant under Henderson Taxi's settlement with the union); and (3) Henderson Taxi should interplead any funds not yet distributed pursuant to the settlement with the union.

Henderson Taxi presented a properly supported motion for summary judgment that Sargeant did not meaningfully oppose. And, on appeal, Sargeant does not reraise the issues he raised in district court to oppose summary judgment. On this record, we affirm summary judgment in favor of Henderson Taxi. *See Schuck v. Signature Flight Support of Nevada, Inc.*, 126 Nev. 434, 437, 245 P.3d 542, 544 (2010) (noting that, in

SUPREME COURT
OF
NEVADA

(O) 1947A

4

general, a party may not seek reversal of summary judgment based on theories not presented to the district court).[2]

## CLASS CERTIFICATION

Our affirmance of the district court's order granting summary judgment against Sargeant raises a potential mootness issue with respect to our review of the order denying class certification, since Sargeant is the sole named plaintiff. *See* William B. Rubenstein, *Newberg on Class Actions* § 7:10 (5th ed. 2013) (noting that, "[i]f the defendant prevails on [a] summary judgment motion [against the named plaintiff], in most circumstances the court will be relieved of the need to rule on the issue of class certification"); *cf. Greenlee Cty. v. United States*, 487 F.3d 871, 880 (Fed. Cir. 2007) (recognizing that "issues related to class certification were moot in light of our resolution against the plaintiff of a motion to dismiss or for summary judgment"). We nonetheless address the order denying class certification for two reasons. First, neither side addressed mootness in their briefs, so resolving this appeal on that basis would likely require

---

[2]Sargeant's complaint was pleaded in two counts: The first sought back pay and equitable relief based on Henderson Taxi's alleged failure to pay the minimum wage required by the MWA; the second sought penalties of up to 30 days' pay under NRS 608.040 for Henderson Taxi not having paid the full wage due when he left the company in July 2013. Sargeant did not argue in opposition to summary judgment, and does not meaningfully argue on appeal, that his penalty claim, as opposed to his back pay or equitable claim, separately survived resolution of the grievance between the union and Henderson Taxi. Accordingly, we do not consider whether the district court should have excluded the penalty claim from its summary judgment order. *See Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006) (noting that it is a party's responsibility to present cogent arguments supported by authority).

supplemental briefing and consequent delay. *See* IOP Rule 10. Second, fairness to the potential class members, some of whom attempted unsuccessfully to intervene in this appeal, makes it appropriate to examine the order denying class certification since, if we were to reverse the order, further proceedings as to the class might be apt. *See generally Mira v. Nuclear Measurements Corp.*, 107 F.3d 466, 475 (7th Cir. 1997) (suggesting the district court should address class certification before granting the defendant summary judgment).

The district court "has broad discretion in deciding whether to certify a class action and its decision will be reversed only if an abuse of discretion is shown." 7 AA Charles Alan Wright, Arthur Miller & Mary Kay Kane, *Federal Practice and Procedure: Civil* § 1785 (3d ed. 2005); *accord Shuette v. Beazer Homes Holdings Corp.*, 121 Nev. 837, 846, 124 P.3d 530, 537 (2005). Under NRCP 23(a), a plaintiff seeking to certify a case as a class action has the burden of showing that: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims for defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class."

Sargeant moved for class certification without conducting discovery. In his motion, Sargeant asked the court to certify a class of all current and former taxi drivers of Henderson Taxi and to declare void all letters of "Acknowledgment and Agreement Regarding Minimum Wage Payment," which Henderson Taxi had sent to potential class members. It was not until Henderson Taxi filed its opposition to Sargeant's motion for class certification that Sargeant learned that the acknowledgment and

agreement letters were the result of an MWA grievance that the union had filed against Henderson Taxi the year before.

Henderson Taxi's opposition established that, almost eight months before Sargeant filed his complaint, the union as the taxi cab drivers' "exclusive representative" had, "[o]n behalf of all affected drivers," grieved Henderson Taxi's "failure to pay at least the minimum wage under the [MWA]." The grievance was resolved with Henderson Taxi agreeing to pay the MWA-required wage "on a going forward basis," to "compensate all of its current taxi drivers, and make reasonable efforts to compensate all former taxi drivers employed during the prior two year period, the difference between wages paid and the state minimum wage going back two years," and to "make reasonable efforts to obtain acknowledgments of the payments to employees and former employees and give them an opportunity to review records if the individual driver questions the amount calculated by Henderson Taxi." The opposition further established, and Sargeant concedes, that a "significant majority" of Henderson Taxi's drivers, including all current drivers, had accepted two years of back pay and voluntarily returned signed Acknowledgments. This evidence fundamentally changed the assumptions on which Sargeant based his class certification motion. In his reply in support of his motion for class certification, Sargeant attempted to address some of the new issues. After hearing oral argument on the motion, however, the district court denied class certification.

The district court found that "the majority of Henderson Taxi cab drivers have [validly] acknowledged that they have no claim against Henderson Taxi and that they have been paid all sums owed to them." This finding required the district court to reach the merits, at least to the

extent of considering and rejecting Sargeant's challenge to the validity of the payments and acknowledgments the grievance resolution produced. While Rule 23 "grants courts no license to engage in free-ranging merits inquiries at the certification stage[, m]erits questions may be considered to the extent—but only to the extent—that they are relevant to determine whether the Rule 23 prerequisites for class certification are satisfied." *Amgen Inc. v. Conn. Ret. Plans & Tr. Funds*, 568 U.S. 455, ___, 133 S. Ct. 1184, 1194-95 (2013); *see Beazer Homes Holding Corp. v. Eighth Judicial Dist. Court*, 128 Nev. 723, 734 n.4, 291 P.3d 128, 136 n.4 (2012) (recognizing that NRCP 23 and FRCP 23 are analogous). Here, whether and to what extent the grievance resolution defeated Sargeant's proposed MWA claims on behalf of the current and former Henderson Taxi drivers who embraced the union grievance resolution materially affected class certification.

The district court properly considered and rejected Sargeant's request that it invalidate the grievance resolution as a matter of law. The resolution did not "waive" MWA rights prospectively, which is what the MWA forbids (except in collective bargaining agreements). Nev. Const. art. 15, § 16B. It settled, under the direction of the union as the drivers' elected representative, disputed claims that had already accrued. And, far from waiving future MWA rights, the grievance resolution required Henderson Taxi to *comply* with the MWA on a going-forward basis. *Cf. Faris v. Williams WPC-1, Inc.*, 332 F.3d 316, 321 (5th Cir. 2003) (interpreting a no-waiver regulation as "prohibit[ing] [the] prospective waiver of rights, not the post-dispute settlement of claims"). At the time the union and Henderson Taxi resolved their grievance, *Yellow Cab*'s retroactivity and the statute of limitations applicable to MWA claims were

SUPREME COURT
OF
NEVADA

(O) 1947A

8

the subject of ongoing dispute. *See, e.g., Nev. Yellow Cab Corp. v. Eighth Judicial Dist. Court*, 132 Nev., Adv. Op. 77, 383 P.3d 246, 252 (2016) (holding that the statute exempting taxi drivers from state minimum wage law was repealed when the MWA was enacted in 2006, not when *Yellow Cab* was decided in 2014); *Perry v. Terrible Herbst, Inc.*, 132 Nev., Adv. Op. 75, 383 P.3d 257, 258 (2016) (holding that MWA claims are subject to the two-year statute of limitations in NRS 608.260). Thus, the union's settlement with Henderson Taxi of the drivers' accrued MWA claims did not violate the MWA or public policy. *Cf. Chindarah*, 90 Cal. Rptr. 3d at 180.[3]

The district court did not abuse its discretion in holding that the settlement of the union's grievance against Henderson Taxi made class certification inappropriate.[4] Sargeant and several other former drivers presented affidavits contesting Henderson Taxi's back pay calculation, but the majority of drivers accepted the payments and returned the acknowledgments. Our review is, again, hampered by the lack of a transcript of the hearing on the motion for class certification. However, given the absence of a valid legal basis for the district court to overturn the settlement between the union and Henderson Taxi, we agree with the district court that Sargeant did not meet his burden of demonstrating

---

[3]We recognize but do not opine on the merits of the breach of the duty of fair representation claim that Sargeant initiated with the NLRB against the union and/or Henderson Taxi under the NLRA. Henderson Taxi, Case No. 28-CA-161998 (October 14, 2015).

[4]Sargeant sought to certify a smaller class in a later motion for partial reconsideration, the denial of which does not appear to be challenged on appeal.

numerosity, commonality, and typicality. Furthermore, to the extent he sought to invalidate the grievance resolution that the union negotiated and all current drivers accepted, Sargeant could not represent all members of the broad class he proposed, whose interests conflicted with his. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625-26 (1997) ("[A] class representative must . . . 'possess the same interest and suffer the same injury' as the class members.").

As the district court properly denied class action certification and granted summary judgment to Henderson Taxi, we affirm.

_____, J.
Pickering

We concur:

_____, J.
Douglas

_____, J.
Gibbons

SUPREME COURT
OF
NEVADA

(O) 1947A