BRADLEY J. SCHUCK, Appellant, v. SIGNATURE FLIGHT SUPPORT OF NEVADA, INC., a Nevada Corporation, and ROSENFELD ROBERSON, Respondents.

No. 51644

BRADLEY J. SCHUCK, Appellant, v. SIGNATURE FLIGHT SUPPORT OF NEVADA, INC., a Nevada Corporation, Respondent.

No. 52819

November 4, 2010 245 P.3d 542

[Rehearing denied February 7, 2011]
[En banc reconsideration denied March 22, 2011]

*Sterling Law, LLC*, and *Beau Sterling*, Las Vegas, for Appellant.

*Laxalt & Nomura, Ltd.*, and *James E. Murphy*, Las Vegas; *Nixon Peabody LLP* and *Raymond L. Mariani*, Jericho, New York, for Respondent Signature Flight Support of Nevada, Inc.

*Rosenfeld Roberson* and *Bart K. Larsen*, Las Vegas, for Respondent Rosenfeld Roberson.

Before HARDESTY, DOUGLAS and PICKERING, JJ.

## OPINION

By the Court, PICKERING, J.:

Appellant Bradley Schuck parked his twin-engine Cessna temporarily at respondent Signature Flight Support of Nevada, Inc.'s (SFS) facility at McCarran Airport. When he returned a week later, the plane allegedly had sustained engine and rudder damage and was missing a dipstick. Schuck sued, and after more than two years of litigation, SFS moved for summary judgment, which the district court granted. Separately, before granting summary judgment and over Schuck's objection, the district court awarded Schuck's original lawyers, who withdrew, judgment for unpaid fees and costs of $70,014.09.

Schuck appealed. Some months later, he filed an NRCP 60(b) motion for relief from judgment, which the district court denied. Schuck also appeals from that decision. For the reasons that follow, we affirm summary judgment in SFS's favor, reverse the judgment in favor of Schuck's former law firm, and, except to the extent of reversing the withdrawing law firm's judgment, reject Schuck's NRCP 60(b) appeal.

I.

The district court granted summary judgment for SFS and against Schuck based on the papers it was presented. In the district court's view, Schuck "failed to [demonstrate] a genuine issue of fact regarding any damage to his aircraft by [SFS]'s personnel"; "cannot establish that [SFS] breached any duty owed to [Schuck but, rather,] acted reasonably"; did not offer evidence showing that he contracted with SFS "for any services performed," breach of which "proximate[ly] cause[d]" the damage alleged; and offered no proof, only "speculat[ion] that someone from [SFS] damaged his aircraft." The "bald allegations without supporting facts" that Schuck offered, the court held, were not enough to defeat summary judgment under *Wood v. Safeway*, 121 Nev. 724, 731, 121 P.3d 1026, 1031 (2005). Thus, the district court "granted the Motion for Summary Judgment because after two years of discovery, [Schuck's] opposition to that motion consisted almost entirely of [hearsay] and unsubstantiated allegations that did not warrant [Schuck] relief as a matter of law."

Schuck makes two arguments for reversing SFS's summary judgment. First, Schuck cites *Alamo Airways, Inc. v. Benum*, 78 Nev. 384, 374 P.2d 684 (1962), and argues he had a bailment relationship with SFS, meaning it should have been SFS's burden to prove that it was not liable, not Schuck's burden to prove that it was. Second, in the several hundred pages of transcripts and exhibits that SFS attached to its summary judgment motion, Schuck now references specific passages that he maintains generate genuine issues of material fact.

The problem with these arguments is that Schuck did not make them when he opposed summary judgment in the district court. While this court gives de novo review to a district court's decision to grant summary judgment, *Wood*, 121 Nev. at 729, 121 P.3d at 1029, a de novo standard of review does not trump the general rule that "[a] point not urged in the trial court, unless it goes to the jurisdiction of that court, is deemed to have been waived and will not be considered on appeal." *Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981). *See Larsen v. City of Beloit*, 130 F.3d 1278, 1284 (7th Cir. 1997) (a party may not ordinarily obtain reversal of an order granting summary judgment based on an argument not made in the district court).

Here, SFS presented a legally sufficient summary judgment motion. The motion addressed the contract, negligence, and punitive damage claims the complaint pleaded and included the "concise statement setting forth each fact material to the disposition of the motion which the party claims is . . . not genuinely in issue,

citing [the evidence] upon which the party relies'' that NRCP 56(c) requires. Although overinclusive, SFS's motion appended the evidence on which it relied and gave pinpoint cites to each item of relevant proof. *See* NRCP 56(e). The supporting points and authorities discussed substantive Nevada law and showed why that law, given the facts identified as undisputed, made summary judgment appropriate.

Schuck responded with general argument that issues of fact made summary judgment improper. However, he did not specify the disputed issues of fact, much less provide his own "concise statement" of material facts claimed to be "genuinely in issue, citing the particular portions of any pleading, affidavit, deposition, interrogatory, answer, admission, or other evidence upon which [he] relies," which NRCP 56(c) obligated him to do. As evidence, he relied on his own brief, conclusory affidavit, nothing else. He also cited no substantive law to refute SFS's authorities.

Based on the papers presented, the district court did not err in granting SFS's summary judgment motion. Unlike in *Alamo*, where the parties *agreed* a bailment for hire existed, 78 Nev. at 386, 374 P.2d at 685, Schuck lays claim to a bailment relationship for the first time on appeal. But "[p]arties 'may not raise a new theory for the first time on appeal, which is inconsistent with or different from the one raised below.'"*Dermody v. City of Reno*, 113 Nev. 207, 210, 931 P.2d 1354, 1357 (1997) (quoting *Powers v. Powers*, 105 Nev. 514, 516, 779 P.2d 91, 92 (1989)). This rule

> is not meant to be harsh, overly formalistic, or to punish careless litigators. Rather, the requirement that parties may raise on appeal only issues which have been presented to the district court maintains the efficiency, fairness, and integrity of the judicial system for all parties.

*Boyers v. Texaco Refining and Marketing, Inc.*, 848 F.2d 809, 812 (7th Cir. 1988).

Here, it would be unfair to credit Schuck's bailment claim for the first time on appeal. A bailment, if found, could affect the burden of persuasion in various ways, depending on bailment type. *See* 2 Charles & Ken Krause, *Aviation Tort and Regulatory Law* § 21:12 (2009). Given Schuck's deposition testimony that he twice parked his own plane at SFS and that he always kept the keys, it is not as clear as he asserts that a bailment of any sort existed, much less what type. *See id.* § 21:11. These are potentially game-changing issues, not mere refinements of points already in play. Schuck's bailment theory raises substantial new issues, factual and legal, that were not presented to the district court and that neither SFS nor the district court had the opportunity to address. We de-

cline to reverse summary judgment to allow Schuck to reinvent his case on new grounds.

The bailment issue is not determinative in any event because SFS did not stake its motion solely on Schuck having the burden of proof. Instead, the motion undertook to prove no negligence or breach of contract, offering unobjected-to evidence that, left pristine and undisputed, defeated Schuck's affirmative contract- and tort-based damage claims.[1] A party opposing a legally sufficient summary judgment motion should not wait until appeal to identify the issues of fact and supporting evidence that might defeat it. NRCP 56(e).

Like its federal counterpart, NRCP 56(e) requires the party opposing a properly presented and supported summary judgment motion to "set forth specific facts showing that there is a genuine issue for trial." "If the adverse party does not so respond, summary judgment, if appropriate, shall be entered." *Id*. In effect, Schuck is arguing that once he objected to SFS's claim that it had identified all material facts and none were disputed, it fell to the district court to search the record for evidence that might support Schuck and contradict SFS's cited proof. But this is not the district court's job. As the cases that have interpreted the federal cognate to NRCP 56 have held, "a district court is not obligated to wade through and search the entire record for some specific facts which might support the nonmoving party's claim." *Jaurequi v. Carter Mfg. Co., Inc.*, 173 F.3d 1076, 1085 (8th Cir. 1999) (quotation omitted). We agree with the cases to have held that "requiring the district court to search the entire record, even though the adverse party's response does not set out the specific facts or disclose where in the record the evidence for them can be found, is unfair." *Carmen v. San Francisco Unified School Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001).

---

[1]For example, Schuck offered no competent proof to establish that the plane's engines were damaged while at SFS. A discovery sanction, unchallenged on appeal, limited Schuck's proof with respect to engine damage to his anecdotal report that they "spooled down" in flight after the plane was parked at SFS, where they didn't before. However, Schuck admits in deposition that he does not know who caused this and whether SFS had any hand in it; also, the mechanics who looked at the engines did not find what Schuck reported. As for the rudder damage claim, SFS presented evidence the damage was preexisting. Even crediting *arguendo* Schuck's unsupported allegation that it was not, the evidence seems to say that a third party, Maverick Helicopters, not SFS, caused the rotor wash incident Schuck witnessed and associates with the plane's rudder damage (of note, Schuck originally joined Maverick as a defendant, then dismissed the company); that SFS moved the plane where Schuck directed and applied the gust locks by the third helicopter fly-over, which was the closest and caused the most turbulence; and that damage from the rotor wash was not foreseeable.

> The gist of a summary judgment motion is to require the adverse party to show that it has a claim or defense, and has evidence sufficient to allow a jury to find in its favor on that claim or defense. The opposition sets it out, and then the movant has a fair chance in its reply papers to show why the respondent's evidence fails to establish a genuine issue of material fact. If the district court, or later this court, searches the whole record, in practical effect, the court becomes the lawyer for the respondent, performing the lawyer's duty of setting forth specific facts showing that there is a genuine issue for trial. The movant is then denied a fair opportunity to address the matter in the reply papers.

*Id.*

And so it is here. SFS filed a properly supported motion for summary judgment that showed why, both factually and legally, SFS should prevail. Although Schuck opposed the motion, he did so mainly on procedural grounds, arguing the old "slightest doubt" standard in *Posadas v. City of Reno*, 109 Nev. 448, 452, 851 P.2d 438, 442 (1993) ("summary judgment . . . is not to be granted if there is the slightest doubt as to the operative facts"). In reply, SFS demonstrated that, under *Wood v. Safeway, Inc.*, 121 Nev. at 730-31, 121 P.3d at 1030, the "slightest doubt" standard no longer obtains. While Schuck inveighed against SFS's position that it did not cause and was not liable for the plane's damage, Schuck did not offer or identify competent evidence to contradict or cast doubt on the facts SFS identified as undisputed. On this record, summary judgment in favor of SFS was appropriate, and we affirm.

## II.

Several months before the district court granted summary judgment to SFS, Schuck's original law firm, respondent Rosenfeld Roberson, filed a motion to withdraw and for entry of judgment against their client, Schuck, for unpaid attorney fees and costs. The district court granted the law firm's request. In doing so, it went beyond allowing the law firm a charging lien against Schuck's eventual recovery, if any; it entered a personal, executable judgment against Schuck in the amount of $70,014.09. After the motion was filed but before the fee judgment was entered, Schuck filed a fee dispute petition with the State Bar of Nevada, in which he contested both the law firm's work and its fees. The district court was not told of this pending fee dispute proceeding before it entered judgment for the firm. This information became of record some months later when Shuck, having by then lost on summary judgment, retained current appellate counsel, who filed

an NRCP 60(b) motion on his behalf under the procedure outlined in *Huneycutt v. Huneycutt*, 94 Nev. 79, 575 P.2d 585 (1978), *disapproved of on other grounds by Foster v. Dingwall*, 126 Nev. 49, 55 n.4, 228 P.3d 453, 457 n.4 (2010), contesting the judgment for fees. Nonetheless, the district court declined relief to Schuck.

The law firm defends its personal judgment against Schuck based on NRS 18.015. This statute affords an attorney a charging lien "upon any claim, demand or cause of action, including any claim for unliquidated damages, which has been placed in the attorney's hands by a client for suit or collection, or upon which a suit or other action has been instituted." NRS 18.015(1). "The lien attaches to any verdict, judgment or decree entered and to any money or property which is recovered on account of the suit or other action . . . ." NRS 18.015(3).

It was error for the district court to have granted judgment in favor of the withdrawing firm. Schuck did not ask for or consent to the court summarily adjudicating the firm's charging lien in advance of there being a "verdict, judgment or decree entered" or "money or property recovered" to which the charging lien could attach. NRS 18.015(3). Given the firm's dispute with Schuck over the work done and the fees charged, which should have been brought to the district court's attention, the court should not have reduced the lien to personal judgment by way of summary proceeding before it decided Schuck's claims against SFS. *See Ecomares, Inc. v. Ovcharik*, No. 3:06-CV-102-BES (VPC), 2007 WL 1933573, at *3 (D. Nev. July 2, 2007) (applying NRS 18.015 and holding that, "[w]here there is a dispute between the client and former counsel regarding the fee requested or the legal services rendered," the lawyer should either proceed by separate action or "await resolution of [the] proceeding and then seek an adjudication of the lien");[2] *see Montgomery v. Etreppid Tech., Inc.*, Nos. 3:06-CV-00056-PMP-VPC and 3:06-CV-00145-PMP-VPC, 2007 WL 3015226 (D. Nev. Oct. 12, 2007) (also interpreting NRS 18.015 to like effect); *cf. Earl v. Las Vegas Auto Parts*, 73 Nev. 58, 307 P.2d 781 (1957) (upholding the authority of a district court to summar-

---

[2]SCR 123 prohibits citation to unpublished orders and opinions issued by the Nevada Supreme Court. This ban does not extend to federal district court dispositions, which may be cited for their persuasive, if nonbinding, precedential value. *See* Fed. R. App. P. 32.1 (permitting citation of unpublished federal judicial dispositions issued on or after January 1, 2007); William T. Hangley, *Opinions Hidden, Citations Forbidden: A Report and Recommendations of the American College of Trial Lawyers on the Publication and Citation of Nonbinding Federal Circuit Court Opinions*, 208 F.R.D. 645, 659 (2002) (describing the "process by which district court judges decide whether to submit their opinions to West Publishing Company (or, more accurately, which 'dropoff' window they choose at West's—the F. Supp. window or the Westlaw window) [as] very different from the deliberate culling process that is suppposed to be performed in the circuit courts").

ily adjudicate a withdrawing attorney's fee charging lien claim, but doing so in the context of a district court order that deferred determination of fees owed until the suit concluded, by which time a recovery to which the lien could attach had been produced). The district court compounded its error when it denied Schuck NRCP 60(b) relief from the law firm's judgment since, by then, Schuck's claim against SFS had been rendered valueless by the summary judgment we affirm. This left no "claim, demand or cause of action, including any claim for unliquidated damages" to which the law firm's lien could or can attach. *Argentena Consol. Mining Co. v. Jolley Urga*, 125 Nev. 527, 531-32, 216 P.3d 779, 782 (2009); NRS 18.015(1); *see* Glenn Machado, *When Can a Court Adjudicate an Attorney-Client Fee Dispute?*, Nevada Lawyer, Nov. 2009, at 46.

For these reasons, we reverse the judgment against Schuck and in favor of the Rosenfeld firm. We do so without prejudice to the firm's right to seek fees and costs by separate action or in the State Bar fee dispute proceeding. We affirm the summary judgment in favor of SFS.

HARDESTY and DOUGLAS, JJ., concur.