An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| LAS VEGAS MOTORCOACH RESORT OWNERS ASSOCIATION, A NEVADA LIMITED LIABILITY COMPANY, Appellant, vs. STEVEN BOOHER; KATHLEEN BOOHER; AND NORA CHISANO, Respondents. | No. 65546 |

**FILED**

DEC 2 3 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

No. 66036

STEVEN BOOHER; KATHLEEN BOOHER; AND NORA CHISANO,
Appellants,
vs.
LAS VEGAS MOTORCOACH RESORT OWNERS ASSOCIATION, A NEVADA LIMITED LIABILITY COMPANY,
Respondent.

## ORDER VACATING JUDGMENT AND REMANDING

These are consolidated appeals from a district court order granting and denying cross-motions for summary judgment in a homeowners' association lien foreclosure dispute, awarding costs, and denying attorney fees. Eighth Judicial District Court, Clark County; Michelle Leavitt, Judge. The cross-motions for summary judgment were briefed, argued, and decided by the district court before this court handed down its decision in *SFR Investments Pool 1, LLC v. U.S. Bank, N.A.*, 130 Nev., Adv. Op. 75, 334 P.3d 408 (2014). Our review is de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), and we vacate and remand.

On April 29, 2010, Nora Chisano purchased Lot 75 in the Las Vegas Motorcoach Resort from the former owners, Steven and Kathleen Booher. The Boohers personally financed the $100,000 transaction, taking

15-39449

back a note secured by a first deed of trust on the property. Starting in December 2010, Chisano stopped paying the assessment fees owed to the Las Vegas Motor Coach Resort homeowners' association (LVMC). Eventually, LVMC recorded a lien and a notice of foreclosure sale against Lot 75 for the total amount of its super- and subpriority liens. The day before the sale, Chisano sent an email to LVMC offering to deliver $15,939.33 to LVMC to avoid foreclosure, an amount that surpassed the superpriority lien. LVMC rejected Chisano's offer and proceeded with the foreclosure sale on February 24, 2012. LVMC foreclosed on Lot 75 with a credit bid of $28,145.03, which constituted the total amount of its super- and subpriority lien. Thereafter, LVMC filed a complaint to quiet title against Chisano and the Boohers. Prior to this court's *SFR* decision, the district court granted Chisano and the Boohers' motion for summary judgment concluding that, under NRS 116.3116, a first deed of trust is not extinguished by an HOA foreclosure sale; rather, the statute provides only a payment priority.

The district court's order granting summary judgment was based on a view of the law that this court largely invalidated in *SFR*. On appeal, the parties acknowledge as much but urge us to resolve the case based on issues regarding notice, tender, and credit bidding—arguments that were alluded to but not fully developed below. Our review of the briefing and argument in the district court convinces us that doing so would be inappropriate. It is crucial, in the summary judgment setting, that both the parties and the district court properly develop the facts and the law applicable to those facts so that the determination of whether there exist genuine issues of material fact to preclude summary judgment can be fairly and accurately made. *Cf. Schuck v. Signature Flight Support*

SUPREME COURT
OF
NEVADA

(O) 1947A

2

*of Nev., Inc.*, 126 Nev. 434, 437, 245 P.3d 542, 544 (2010) (declining to address arguments that appellant did not make when opposing summary judgment in the district court, concluding that "parties may not raise a new theory for the first time on appeal, which is inconsistent with or different from the one raised below" (internal quotation marks omitted)).

From the record presented on appeal, it does not appear that the alternative issues tendered to us as potential bases to reverse or affirm the summary judgment order were fully and adequately vetted in the district court. The most appropriate ruling, therefore, is to vacate the district court's order granting summary judgment to Chisano and the Boohers based on a view of the law since invalidated by *SFR* and remand for such further proceedings on the issues of notice, tender, and credit bidding as may be appropriate. From this, it follows that the order assessing costs and denying attorney fees should also be vacated. For these reasons, we

ORDER the judgment of the district court VACATED AND REMAND this matter to the district court for proceedings consistent with this order.

_____, C.J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

_____, J.
Pickering

SUPREME COURT
OF
NEVADA

(O) 1947A

cc: Hon. Michelle Leavitt, District Judge
    Deaner, Malan, Larsen & Ciulla
    Greenberg Traurig, LLP/Las Vegas
    Eighth District Court Clerk