# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| PADILLA CONSTRUCTION COMPANY OF NEVADA, A NEVADA CORPORATION,<br>Appellant,<br>vs.<br>BIG-D CONSTRUCTION CORP., A UTAH CORPORATION,<br>Respondent. | No. 67397 |
| PADILLA CONSTRUCTION COMPANY OF NEVADA, A NEVADA CORPORATION,<br>Appellant,<br>vs.<br>BIG-D CONSTRUCTION CORP., A UTAH CORPORATION,<br>Respondent. | No. 68683 |

FILED

NOV 18 2016

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## ORDER OF AFFIRMANCE

These are consolidated appeals from a district court judgment after a bench trial and a postjudgment order awarding attorney fees and costs in a contract action. Eighth Judicial District Court, Clark County; Mark R. Denton, Judge.

Respondent Big-D Construction Corp. was hired as the general contractor for the construction of International Game Technology's (IGT) corporate headquarters. After the original stucco system failed, Big-D subcontracted with appellant Padilla Company of Nevada to install a stucco system on the building, over which stone work was to be placed. While the stucco was still being installed, separation issues developed and IGT rejected the work. Padilla filed a complaint against Big-D alleging claims for breach of contract, breach of the implied covenant of good faith and fair dealing, negligence per se, and a claim against the lien release

bond. Big-D filed an answer and a counterclaim against Padilla for breach of contract. The case proceeded to a bench trial and the district court found that Padilla failed to prove its claims against Big-D and Big-D was entitled to judgment in its favor on its breach-of-contract counterclaim, granting Big-D $600,000 in damages. Big-D thereafter filed a motion for attorney fees, costs, and interest, which the district court granted in the amount of $414,433.99, plus interest in the amount of $59.61 per day.

*Breach-of-contract claims*

Padilla first challenges the district court's findings supporting its determinations that Padilla did not prove that Big-D breached the subcontract and that Padilla in fact materially breached the subcontract before any payment by Big-D was owed to Padilla. We will defer to the district court's factual findings "if [they are] not clearly erroneous and [are] supported by substantial evidence" *Ogawa v. Ogawa*, 125 Nev. 660, 668, 221 P.3d 699, 704 (2009), which "is evidence that a reasonable mind might accept as adequate to support a conclusion." *Winchell v. Schiff*, 124 Nev. 938, 944, 193 P.3d 946, 950 (2008) (quotation marks omitted). Substantial evidence supports the district court's finding that testing performed on Padilla's stucco work showed that Padilla's improper installation of the stucco, not inadequate curing time, caused the stucco separation. We therefore affirm the district court's determination on the parties' breach-of-contract claims.

We further find unpersuasive Padilla's arguments that Big-D breached the subcontract by withholding payment and not providing notice of the defects and an opportunity to cure. To prove its breach-of-contract claim, Padilla had to show that it performed its obligations under the contract or that its performance was excused. *Laguerre v. Nev. Sys. of*

SUPREME COURT
OF
NEVADA

(O) 1947A

*Higher Educ.*, 837 F. Supp. 2d 1176, 1180 (D. Nev. 2011) (holding that there are four elements to a claim for breach of contract in Nevada "(1) formation of a valid contract; (2) performance or excuse of performance by plaintiff; (3) material breach by the defendant; and (4) damages"). As we have determined that substantial evidence supports the district court's determination that Padilla breached the subcontract by failing to perform its obligations under the contract, the district court did not err in finding that Padilla failed to show that Big-D's failure to pay Padilla was a breach of the subcontract because Padilla did not prove an essential element of its claim. And it is undisputed that Padilla was aware that IGT rejected its work and that Big-D requested Padilla to assist in defending Padilla's work. Padilla, however, refused Big-D's request and declined to participate in any investigation or testing of its work. We therefore affirm the district court's determination that Big-D did not breach the subcontract.

*NRS 624.624*

Padilla also challenges the district court's determination that Big-D did not violate NRS 624.624 and that Padilla's negligence per se claim therefore failed. NRS 624.624(1)(a) requires that where the written agreement entered into between a higher-tiered contractor and a lower-tiered subcontractor includes a schedule for payments, "the higher-tiered contractor shall pay the lower-tiered subcontractor: (1) On or before the date payment is due; or (2) Within 10 days after the date the higher-tiered contractor receives payment for all or a portion of the work, materials or equipment described in a request for payment submitted by the lower-tiered subcontractor." Because the parties' subcontract contained a payment schedule that required that Padilla be paid within ten days after

IGT accepted Padilla's work and paid Big-D for that work and it is undisputed that IGT never accepted Padilla's work and never paid Big-D for Padilla's work, the district court correctly found that payment never became due to Padilla under the subcontract or NRS 624.624(1)(a). We therefore affirm the district court's finding that Padilla did not prove its negligence per se claim.

*Spoliation inference*

Padilla next argues that the district court erred in not inferring that the stucco was properly installed under the spoliation doctrine because Big-D had a duty to preserve the stucco but instead removed it and replaced it with a different substrate. We disagree. Padilla did not show that Big-D willfully suppressed or negligently lost or destroyed the stucco evidence as required under *Bass-Davis v. Davis*, 122 Nev. 442, 448-50, 134 P.3d 103, 107-08 (2006). And it is undisputed that Padilla was invited to and could have participated in testing, and Big-D did not have control over the project and was directed by IGT to remove the stucco due to the timing issues with finishing the project. In exercising its discretion not to make an adverse inference, the district court examined the relevant facts, applied the proper law, and utilized a rational process, reaching a conclusion that a reasonable judge could reach. We therefore affirm. *See id.* at 447-48, 134 P.3d at 106 (explaining when district court decision on adverse inference will be affirmed).

*Damages*

After it filed its complaint in this case, Padilla filed a voluntary petition seeking bankruptcy protection under Chapter 11. Prior to the start of trial, Padilla and Big-D entered into a joint stipulation setting the total amount of allowed damages Big-D could potentially

recover as an unsecured creditor in the bankruptcy. Padilla argues on appeal that the district court misread the parties' stipulation and awarded damages in excess of the stipulated amount. Padilla has not provided a citation to the record where it objected to the amount of the district court's award of $600,000 in damages, however, and we will not consider this argument for the first time on appeal. *See Schuck v. Signature Flight Support of Nev., Inc.*, 126 Nev. 434, 436 245 P.3d 542, 544 (2010) (holding that "a de novo standard of review does not trump the general rule that "[a] point not urged in the trial court, unless it goes to the jurisdiction of that court, is deemed to have been waived and will not be considered on appeal" (quotation marks omitted)). We therefore affirm the district court's award of $600,000 in damages to Big-D.

*Post-judgment attorney fees, costs, and interest*

Padilla lastly argues that the district court lacked jurisdiction to award attorney fees, costs, and interest in excess of the bankruptcy court's $600,000 stipulated allowed claim. Because Padilla voluntarily continued to pursue its claims against Big-D and Big-D incurred its attorney fees and costs in defending itself, the contractual attorney fee and costs award was not discharged in the bankruptcy and thus is not subject to the bankruptcy court's ruling on the allowed claim. *See In re Sure-Snap Corp.*, 983 F.2d 1015, 1018-19 (11th Cir. 1993) (explaining that confirmation of bankruptcy plan did not terminate pre-petition contract and contractual attorney fees incurred post-confirmation in defending pre-petition litigation brought by debtor); *see also In re Mariner Post-Acute Network, Inc.*, 312 B.R. 520, 523 (2004) (holding that post-petition statutory attorney fees awarded to a prevailing party are an actual loss and are not precluded by the bankruptcy petition). We therefore affirm the

district court's order awarding attorney fees, costs, and post-judgment interest.

Accordingly, we

ORDER the judgment and post-judgment order of the district court AFFIRMED.[1]

_____, C.J.
Parraguirre

_____, J.
Hardesty

_____, J.
Pickering

cc: Hon. Mark R. Denton, District Judge
Thomas J. Tanksley, Settlement Judge
Bruce R. Mundy
Melissa A. Beutler
Holland & Hart LLP/Las Vegas
Eighth District Court Clerk

---

[1]In light of this order, we need not address appellant's remaining arguments regarding indemnity and its claim against the bond posted to release its lien.