# IN THE SUPREME COURT OF THE STATE OF NEVADA

PENNYMAC HOLDINGS, LLC,
Appellant,
vs.
TRP FUND IV, LLC, A NEVADA
LIMITED LIABILITY COMPANY,
Respondent.

No. 72092

FILED

MAR 15 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court order granting summary judgment in an action to quiet title. Eighth Judicial District Court, Clark County; Joseph Hardy, Jr., Judge. We review the summary judgment de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), and affirm.[1]

Appellant PennyMac Holdings asks this court to adopt the standard set forth in the Restatement (Third) of Property: Mortgages § 8.3 (1997), which recognizes that courts are generally justified in setting aside a foreclosure sale when the sales price is less than 20 percent of the property's fair market value. This court rejected that request in *Nationstar Mortgage, LLC v. Saticoy Bay LLC Series 2227 Shadow Canyon*, 133 Nev., Adv. Op. 91, 405 P.3d 641 (2017), and we decline to reconsider that decision.

PennyMac also contends that the HOA's CC&Rs contained a "restrictive covenant" wherein the HOA elected not to foreclose on the superpriority component of its lien, thereby rendering PennyMac's deed of trust unaffected by the foreclosure sale. PennyMac also appears to contend

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

18 - 10323

that the existence of this restrictive covenant amounted to fraud, unfairness, or oppression, in that potential bidders may have been misled as to what effect the foreclosure sale would have. *Cf. id.* at 647-49 (reaffirming that inadequate price alone is insufficient to set aside a foreclosure sale absent some element of fraud, unfairness, or oppression affecting the sale). PennyMac additionally contends that the deed respondent TRP Fund received is ambiguous in terms of whether the HOA chose to foreclose on the superpriority component of its lien. These arguments were not made in district court and we therefore decline to consider them.[2] *See Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981) ("A point not urged in the trial court . . . is deemed to have been waived and will not be considered on appeal."). Nonetheless, if we were to consider PennyMac's arguments regarding the restrictive covenant, we would question PennyMac's proffered interpretation of it, as PennyMac fails to account for the covenant's "except as provided in NRS 116.3116" language.

Because PennyMac presented no evidence that the foreclosure sale was affected by fraud, unfairness, or oppression, the district court properly granted summary judgment in favor of TRP Fund. *See Nationstar Mortg.*, 133 Nev., Adv. Op. 91, 405 P.3d at 647-49; *Wood*, 121 Nev. at 732, 121 P.3d at 1031 (observing that the party opposing summary judgment

---

[2]We disagree with PennyMac's suggestion that it sufficiently preserved its arguments regarding the restrictive covenant by virtue of respondent TRP Fund attaching the CC&Rs to its own motion for summary judgment. *See Schuck v. Signature Flight Support of Nev., Inc.*, 126 Nev. 434, 438, 245 P.3d 542, 545 (2010) ("[A] district court is not obligated to wade through and search the entire record for some specific facts which might support the nonmoving party's claim." (internal quotation omitted)).

must "do more than simply show that there is some metaphysical doubt as to the operative facts" (internal quotation omitted)). We therefore need not consider the parties' arguments regarding whether TRP Fund was a bona fide purchaser. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Cherry

_____, J.
Parraguirre

_____, J.
Stiglich

cc:    Hon. Joseph Hardy, Jr., District Judge
       Akerman LLP/Las Vegas
       The Wright Law Group
       Eighth District Court Clerk