# IN THE SUPREME COURT OF THE STATE OF NEVADA

LA JOLLA DEVELOPMENT GROUP LLC,

Appellant/Cross-Respondent,

vs.

BANK OF AMERICA, N.A., A NATIONAL BANKING ASSOCIATION,

Respondent/Cross-Appellant,

and

TERRASINI UNIT OWNERS ASSOCIATION; AND ABSOLUTE COLLECTION SERVICES, LLC,

Respondents/Cross-Respondents.

No. 74882



FILED

APR 25 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER AFFIRMING APPEAL AND DISMISSING CROSS-APPEAL

This is an appeal and cross-appeal from a district court summary judgment and order denying a post-judgment motion to alter or amend the judgment in an action to quiet title to real property.[1] Eighth Judicial District Court, Clark County; Valerie Adair, Judge.

Having considered the parties' arguments and the record, we conclude that the district court properly granted summary judgment to respondent Bank of America, N.A. (the Bank).[2] On appeal, appellant La

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

[2]The district court also granted summary judgment in favor of respondent/cross-respondent Terrasini Unit Owners Association as to both La Jolla's and the Bank's claims against it, and dismissed Terrasini's and the Bank's claims against respondent/cross-respondent Absolute Collection Services, LLC (ACS), as moot. The Bank filed a cross appeal in this matter against Terrasini and ACS, arguing that if this court reversed the district court, it should reinstate the Bank's alternative claims against Terrasini

19-18250

Jolla Development Group LLC argues that the district court erred in determining that respondent/cross-respondent Terrasini Unit Owners Association foreclosed only on a subpriority lien.[3] We conclude, however, that La Jolla waived its arguments.

The general rule is that "[a] point not urged in the trial court, unless it goes to the jurisdiction of that court, is deemed to have been waived and will not be considered on appeal." *Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981). This rule applies even to issues that are subject to a de novo standard of review. *Schuck v. Signature Flight Support of Nev., Inc.*, 126 Nev. 434, 436, 245 P.3d 542, 544 (2010).

La Jolla's motion for summary judgment, which subsequently served as its opposition to the Bank's motion, was not sufficient to preserve these issues for appeal. The motion only generally cited this court's decisions in *SFR Investments Pool 1, LLC v. U.S. Bank, N.A.*, 130 Nev. 742, 334 P.3d 408 (2014), and *Shadow Wood Homeowners Association, Inc. v. New York Community Bancorp, Inc.*, 132 Nev. 49, 366 P.3d 1105 (2016).[4] Although La Jolla questioned below whether the Bank relied on the 2010 letter, stating that Terrasini was only foreclosing on the subpriority portion of the lien in not tendering payment to preserve its interest, it used only

---

and ACS that were dismissed by the district court. In light of this order, we dismiss the cross appeal as moot.

[3]La Jolla additionally contends that the district court erred in its bona fide purchaser analysis, argues the foreclosure sale was commercially reasonable, and submits that the findings of fact the district court relied on are not supported by substantial evidence. We conclude that these arguments lack merit because La Jolla did not argue them below.

[4]La Jolla did not provide any citation for these cases and only referred to them by "SFR" and "Shadow Wood" without anything more complete. We presume, based on the district court's order, that the cases cited herein are the ones La Jolla was referring to.

this assertion to seemingly support its argument that based on the recorded foreclosure documents, the superpriority portion of the lien was foreclosed and based on those documents that the court could not reach any other conclusion. La Jolla did not explain how the cases it cited supported its position. This is not sufficient to support its own arguments that summary judgment should be granted in its favor. Then, in opposition to the Bank's motion for summary judgment, La Jolla merely sent a letter to the clerk of the court stating that its initial motion for summary judgment would serve as its opposition. La Jolla's initial motion for summary judgment additionally was not sufficient to rebut the Bank's arguments. Thus, we conclude that La Jolla waived its arguments by not arguing them in the district court. Accordingly, we

ORDER the judgment of the district court AFFIRMED and the cross-appeal DISMISSED.

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Silver

cc:    Hon. Valerie Adair, District Judge
Janet Trost, Settlement Judge
Ayon Law, PLLC
Boyack Orme & Anthony
Cox Law, LLC
Akerman LLP/Las Vegas
Eighth District Court Clerk