# IN THE SUPREME COURT OF THE STATE OF NEVADA

CORONADO MEDICAL CENTER
OWNERS ASSOCIATION, A NEVADA
NON-PROFIT CORPORATION,
Appellant,
vs.
UNITED INSURANCE COMPANY OF
AMERICA, AN ILLINOIS INSURANCE
COMPANY,
Respondent.

No. 77943

**FILED**

NOV 2 3 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

CORONADO MEDICAL CENTER
OWNERS ASSOCIATION, A NEVADA
NON-PROFIT CORPORATION,
Appellant/Cross-Respondent,
vs.
UNITED INSURANCE COMPANY OF
AMERICA, AN ILLINOIS INSURANCE
COMPANY,
Respondent/Cross-Appellant.

No. 78447

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court order granting summary judgment.[1] Eighth Judicial District Court, Clark County; Mark R. Denton, Judge.

Respondent United Insurance Company of America (UICA) is a member of appellant Coronado Medical Center Owners Association (the Association). In 2017, the Association sued UICA for past-due assessments, seeking roughly $190,000 in damages. UICA argued that the Association failed to provide a timely computation of its damages, as required under NRCP 16.1. After many failed attempts at getting this information, the

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

SUPREME COURT
OF
NEVADA

(O) 1947A

20-42578

district court ordered the Association to provide its NRCP 16.1 initial disclosure documents by April 5, 2018, and precluded the admission of any disclosure documents not provided by this deadline. The Association missed this deadline, so UICA hired an expert to calculate the damages. Its expert concluded that UICA owed only $66,248 in past-due assessments. After UICA extended an offer of judgment, which the Association rejected, the district court granted summary judgment in UICA's favor.

*Summary judgment*

The Association argues that the district court erred in granting summary judgment.[2] We disagree. In its motion for summary judgment, UICA argued that the Association failed to timely comply with NRCP 16.1(a)(1)(C) (2017), which requires a party to produce "[a] computation of any category of damages claimed by the disclosing party" in its initial disclosure documents. It pointed out that, absent this evidence, the Association could not successfully establish damages at trial, which is an essential element of the Association's claims. The burden thereafter shifted to the Association to, "by affidavit or other admissible evidence, introduce specific facts that show a genuine issue of material fact." *Cuzze v. Univ. & Cmty. Coll. Sys. of Nev.*, 123 Nev. 598, 603, 172 P.3d 131, 134 (2007). It relied on two pieces of evidence, neither of which were sufficient to prevent summary judgment.

First, it relied on its sixth disclosure of documents and witnesses. Notwithstanding the fact that many of these financial

---

[2]Despite counsel's certification that the opening brief complies with all applicable Nevada Rules of Appellate Procedure, the opening brief fails to cite the standard of review, in violation of NRAP 28(a)(10)(B), and fails to cite *any* legal authority to support its summary judgment argument, in violation of NRAP 28(a)(10)(A).

SUPREME COURT
OF
NEVADA

(O) 1947A

documents were inadmissible under the district court's order because they were not timely disclosed, the Association failed to attach these documents to its motion or cite specific pages wherein it provided a computation of damages. Its general reference to "2,680 pages of financial documents" was therefore insufficient to show a genuine issue of material fact as to damages. *See Wood v. Safeway, Inc.*, 121 Nev. 724, 731, 121 P.3d 1026, 1030-31 (2005) (providing that general allegations and conclusions cannot create a genuine issue of material fact); *see also Schuck v. Signature Flight Support of Nev., Inc.*, 126 Nev. 434, 438, 245 P.3d 542, 545 (2010) (holding that the district court is not obligated to search through the record for specific facts that might support a nonmoving party's claim).

Next, it relied on its expert rebuttal report.[3] This report does not provide a *computation* of damages. Instead, it merely questions findings made in UICA's expert report, without citing specific facts or evidence. Accordingly, the Association's expert rebuttal report was insufficient to demonstrate a genuine issue of material fact. *See Wood*, 121 Nev. at 732, 121 P.3d at 1031 (holding that the nonmoving party must "do more than simply show that there is some metaphysical doubt" to avoid summary judgment (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986))); *see also Boesiger v. Desert Appraisals, LLC*, 135 Nev. 192, 194, 444 P.3d 436, 439 (2019) (reiterating that the nonmoving party must "rely[ ] upon more than general allegations and conclusions" to survive summary judgment).

---

[3]While UICA argues that the Association's expert report is inadmissible for summary judgment purposes because the Association did not attach a sworn declaration to the report, we decline to consider this argument because UICA did not raise the argument in the district court. *Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981).

The Association therefore failed to satisfy its burden on summary judgment. Accordingly, we affirm the district court's grant of summary judgment in UICA's favor. *See Wood*, 121 Nev. at 729, 121 P.3d at 1029 (explaining that this court reviews de novo an order granting summary judgment).

*Attorney fees*

The district court granted UICA's request for partial attorney fees under NRCP 68, but denied UICA's request for full attorney fees under Section 16.09 of the contract. On appeal, the Association argues that the district court abused its discretion in awarding attorney fees under NRCP 68. On cross-appeal, UICA argues that Section 16.09 entitled it to attorney fees as the prevailing party.[4]

The district court concluded, and we agree, that the *Beattie* factors were satisfied under the circumstances. *See Beattie v. Thomas*, 99 Nev. 579, 588-89, 668 P.2d 268, 274 (1983) (providing four factors when considering an award under NRCP 68's offer-of-judgment rule). And although the district court did not expressly analyze each of the *Brunzell* factors in its order, we conclude that substantial evidence supports a finding that the fees UICA requested were reasonable. *See Logan v. Abe*, 131 Nev. 260, 266, 350 P.3d 1139, 1143 (2015) ("While it is preferable for a district court to expressly analyze each factor relating to an award of attorney fees, express findings on each factor are not necessary for a district court to properly exercise its discretion."). We therefore discern no abuse of

---

[4]To the extent UICA asks this court to consider any failure by the Association to respond to its arguments as a confession of error, we elect not to apply NRAP 31(d).

SUPREME COURT
OF
NEVADA

(O) 1947A

discretion here nor in the district court's decision to award attorney fees under NRCP 68 instead of under the contract.[5] *Thomas v. City of N. Las Vegas*, 122 Nev. 82, 90, 127 P.3d 1057, 1063 (2006) (providing that we review a district court's denial of attorney fees for a manifest abuse of discretion).

Finally, the Association argues that the district court abused its discretion when it denied the Association's countermotion seeking attorney fees and costs. Because the Association filed its countermotion more than 21 days after service of the written notice of entry of judgment, the district court did not abuse its discretion in denying the countermotion as untimely. NRCP 54(d) (requiring that motions for attorney fees be "filed no later than 21 days after written notice of entry of judgment is served" and clarifying that "[t]he court may not extend the time for filing the motion after the time has expired").

We therefore ORDER the judgment of the district court AFFIRMED.

_____, J.
Gibbons

_____, J.
Stiglich

_____, J.
Silver

---

[5]We further conclude that the Association's argument that NRCP 68 is invalid is unpersuasive.

cc: Hon. Mark R. Denton, District Judge
Charles K. Hauser, Settlement Judge
Boyack Orme & Anthony
Holley Driggs/Las Vegas
Eighth District Court Clerk