# IN THE SUPREME COURT OF THE STATE OF NEVADA

TRAVIS BISH,
Appellant,
vs.
THE JUSTICE COURT FOR SPARKS
TOWNSHIP; THE HONORABLE
JESSICA L. LONGLEY; AND THE
STATE OF NEVADA,
Respondents.

No. 82295

FILED

APR 27 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER DISMISSING APPEAL

This is an appeal from a district court order denying a petition for a writ of mandamus challenging a justice court bail decision. Second Judicial District Court, Washoe County; Scott N. Freeman, Judge.

Appellant Travis Bish argues that the district court abused its discretion in denying mandamus relief because: (1) the State erroneously argued that the rules of evidence applied in bail proceedings; and (2) the justice court abused its discretion in relying solely upon the nature of the offense and the severity of the potential sentence in setting bail. The State opposes Bish's appeal both on the merits and on jurisdictional and mootness grounds. Although we reject the State's jurisdictional challenge, we agree this appeal is moot and therefore dismiss it on that basis.

The State's jurisdictional challenge fails because it mischaracterizes the underlying decision as one by the district court acting in its appellate capacity. But Bish's petition for a writ of mandamus invoked the district court's original jurisdiction. Nev. Const., Art. 6, § 6(1). And contrary to the State's argument regarding the meaning of "provided for by law" in NRS 2.090(2), this court has already determined that the language refers to the finality of the decision in the mandamus proceeding.

22-13323

*See City of N. Las Vegas v. Eighth Judicial Dist. Court*, 122 Nev. 1197, 1203-04, 147 P.3d 1109, 1113-14 (2006). Here, the district court's order denying the petition for a writ of mandamus resolved all of the issues in the mandamus proceeding.[1] Finally, we reject the State's argument that the petition filed below should be considered as only seeking a writ of habeas corpus, the denial of which is not appealable, because the petition was procedurally deficient in laying out arguments for mandamus relief. Bish explicitly stated in his opening brief that he is not appealing the denial of pretrial habeas relief, which puts this argument to rest. But even if we were to disregard Bish's statement in that respect, we further decline to consider the State's argument given that the State did not raise it below. *Schuck v. Signature Flight Support of Nev. Inc.*, 126 Nev. 434, 437, 245 P.3d 542, 544 (2010) ("Parties may not raise a new theory for the first time on appeal, which is inconsistent with or different from the one raised below." (internal quotation marks and alteration omitted)).

The State also argues that this appeal is moot and that Bish has not satisfied the requirements to evade the mootness doctrine. We agree. Undeniably, the issues relating to pretrial bail are moot at this point given that Bish is now serving a prison sentence in this case. *See Valdez-Jimenez*, 136 Nev. at 158, 460 P.3d at 982. We may review a moot case when "it involves a matter of widespread importance that is capable of repetition, yet evading review." *Id.* (internal quotation marks omitted). "The party seeking to overcome mootness must prove that (1) the duration

---

[1]To the extent that the State suggests that Bish should have raised the bail issue in a direct appeal from the final judgment of conviction, we conclude that argument is without merit as this court has held that a petition for a writ of mandamus may be used to challenge a bail decision. *Valdez-Jimenez v. State*, 136 Nev. 155, 161, 460 P.3d 976, 983 (2020).

of the challenged action is relatively short, (2) there is a likelihood that a similar issue will arise in the future, and (3) the matter is important." *Id.* (internal quotation marks omitted).

Although Bish can satisfy the first requirement given that "most bail orders are short in duration and the issues concerning bail and pretrial detention become moot once the case is resolved by dismissal, guilty plea, or trial," *id.*, we are not convinced that Bish has satisfied the second and third requirements for overcoming the mootness doctrine. With respect to Bish's argument about the applicability of the rules of evidence at a bail proceeding, the legal issue is settled by NRS 47.020(3)(b), as the parties acknowledge in their appellate briefs, and therefore is unlikely to arise in the future. (Notably, the justice court did not apply the rules of evidence during the bail proceeding in this case.) With respect to Bish's argument about the burden of proof at a bail proceeding, we are satisfied that *Valdez-Jimenez* sufficiently addressed the legal issue. *See Valdez-Jimenez*, 136 Nev. at 166, 460 P.3d at 987 ("[G]iven the important nature of the liberty interest at stake, the State has the burden of proving by clear and convincing evidence that no less restrictive alternative will satisfy its interest in ensuring the defendant's presence and the community's safety."). Although the State's argument before the district court was wrong under *Valdez-Jimenez*, the district court did not rely on that argument in denying mandamus relief. Finally, Bish's argument for a bright line rule that a justice court may never rely solely on the nature of the offense and the potential sentence in setting bail is not sufficiently developed, in that it does not acknowledge that bail decisions are made on a case-by-case basis and there may be individual cases in which these factors may be the focus in making a bail decision. *See generally id.* at 164-65, 460 P.3d at 986

(explaining that bail decisions must be made on a case-by-case basis considering the "individual circumstance of the defendant" including the nature of the offense and the potential sentence). Accordingly, we

ORDER this appeal DISMISSED.

_____, J.
Silver

_____, J.
Cadish

_____, J.
Pickering

cc: Hon. Scott N. Freeman, District Judge
Washoe County Public Defender
Attorney General/Carson City
Washoe County District Attorney
Washoe District Court Clerk