# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| WLAB INVESTMENT, LLC,<br>Appellant,<br>vs.<br>TKNR, INC., A CALIFORNIA CORPORATION; CHI ON WONG, A/K/A CHI KUEN WONG, AN INDIVIDUAL; KENNY ZHONG LIN, A/K/A KEN ZHONG LIN, A/K/A KENNETH ZHONG LIN, A/K/A WHONG K. LIN, A/K/A CHONG KENNY LIN, A/K/A ZHONG LIN, AN INDIVIDUAL; LIWE HELEN CHEN, A/K/A HELEN CHEN, AN INDIVIDUAL; YAN QUI ZHANG, AN INDIVIDUAL; INVESTPRO LLC, D/B/A INVESTPRO REALTY, A NEVADA LIMITED LIABILITY COMPANY; MAN CHAU CHENG, AN INDIVIDUAL; JOYCE A. NICKRANDT, AN INDIVIDUAL; INVESTPRO INVESTMENTS LLC, A NEVADA LIMITED LIABILITY COMPANY; AND INVESTPRO MANAGER LLC, A NEVADA LIMITED LIABILITY COMPANY,<br>Respondents. | No. 82835<br><br>**FILED**<br><br>MAY 12 2022<br><br>ELIZABETH A. BROWN<br>CLERK OF SUPREME COURT<br>BY S. Young<br>DEPUTY CLERK |
| WLAB INVESTMENT, LLC,<br>Appellant,<br>vs.<br>TKNR, INC., A CALIFORNIA CORPORATION; CHI ON WONG, A/K/A CHI KUEN WONG, AN INDIVIDUAL; KENNY ZHONG LIN, A/K/A KEN ZHONG LIN, A/K/A KENNETH ZHONG LIN, A/K/A WHONG K. LIN, A/K/A CHONG KENNY LIN, A/K/A ZHONG LIN, AN INDIVIDUAL; LIWE HELEN CHEN, A/K/A HELEN CHEN, AN INDIVIDUAL; YAN QUI ZHANG, AN | No. 83051 |

22-15076

INDIVIDUAL; INVESTPRO LLC, D/B/A
INVESTPRO REALTY, A NEVADA
LIMITED LIABILITY COMPANY; MAN
CHAU CHENG, AN INDIVIDUAL;
JOYCE A. NICKRANDT, AN
INDIVIDUAL; INVESTPRO
INVESTMENTS LLC, A NEVADA
LIMITED LIABILITY COMPANY; AND
INVESTPRO MANAGER LLC, A
NEVADA LIMITED LIABILITY
COMPANY,
Respondents.

*ORDER AFFIRMING (DOCKET NO. 82835)
AND REVERSING (DOCKET NO. 83051)*

These are consolidated appeals from a district court order granting summary judgment in a real property matter (Docket No. 82835) and from an order awarding attorney fees (Docket No. 83051). Eighth Judicial District Court, Clark County; Adriana Escobar, Judge.[1]

Appellant filed the underlying action, alleging generally that respondents had fraudulently induced appellant into purchasing an apartment building that contained numerous defects. Generally speaking, appellant's complaint alleged that respondents concealed the defects and that appellant could not have discovered those defects with due diligence before the purchase was completed. The district court granted summary judgment for respondents, reasoning, among other things, that (1) appellant failed to introduce evidence that respondents were aware of any particular defect that they failed to disclose; and (2) appellant failed to introduce evidence showing that a professionally conducted inspection would not have

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted.

discovered the complained-of defects. Consequently, the district court granted summary judgment on all 15 of appellant's claims, including its claim for violation of NRS Chapter 113 (Sales of Real Property—Required Disclosures). Appellant then appealed that order (Docket No. 82835). Thereafter, the district court awarded respondents roughly $128,000 in attorney fees under NRCP 11 based on its perception that appellant's action was frivolous. Appellant then appealed that order (Docket No. 83051), and the appeals were consolidated.

*Summary judgment (Docket No. 82835)*

Appellant contends that summary judgment was improper because it introduced evidence sufficient to create questions of material fact. *See Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005) (reviewing de novo a district court's decision to grant summary judgment and recognizing that summary judgment is appropriate "when the pleadings and other evidence on file demonstrate that no genuine issue as to any material fact remains and that the moving party is entitled to a judgment as a matter of law" (internal quotation marks and alterations omitted)). In particular, appellant appears to be contending that there are genuine issues of material fact regarding (1) whether respondents were aware of the complained-of defects, and (2) whether appellant was required to conduct a "professional" inspection to satisfy its due diligence.[2]

We disagree. With respect to appellant's first argument, appellant's opening brief simply reiterates its belief that "[n]umerous issues of fact exist as to what Defendants knew, what they disclosed and what they

---

[2]To the extent that appellant has raised other arguments challenging the district court's summary judgment, we are not persuaded that those arguments warrant reversal.

covered up." But beyond this statement, appellant's opening brief fails to cite to any evidence in the record that might raise an inference that respondents were aware of a particular complained-of defect, such that a genuine issue of material fact existed regarding the viability of appellant's NRS Chapter 113 claim or any of the related claims. *See Nelson v. Heer*, 123 Nev. 217, 224, 163 P.3d 420, 425 (2007) (holding that for purposes of a claim under NRS Chapter 113, in order for a seller to be "aware" of a defect such that the seller is obligated to disclose it, the seller must be able to "realize, perceive, or have knowledge of that defect or condition"); *Land Baron Invs. Inc. v. Bonnie Springs Fam. LP*, 131 Nev. 686, 696, 356 P.3d 511, 518 (2015) ("[Common law] [n]ondisclosure arises *where a seller is aware of materially adverse facts* that could not be discovered by the buyer after diligent inquiry." (Emphasis added and internal quotation marks omitted)). Similarly, appellant's summary judgment opposition failed to identify any evidence that might raise such an inference. Based on this appellate argument and lack of identifiable record evidence, we are unable to conclude that the district court erred in finding that no genuine issue of material fact existed regarding respondents' awareness of the complained-of defects. *See* NRAP 28(a)(10)(A) (requiring briefs to cite to relevant portions of the record)[3]; *Schuck v. Signature Flight Support of Nev., Inc.*,

---

[3]Appellant's opening brief *does* cite to an affidavit from appellant's manager that was submitted in conjunction with appellant's motion to reconsider the district court's summary judgment. However, the manager's affidavit submitted in conjunction with appellant's summary judgment opposition did not include the statements upon which appellant relies on appeal, and appellant has not argued that the district court improperly denied its motion for reconsideration. Relatedly, although appellant's reply brief attempts for the first time to identify specific defects of which respondents were aware, we decline to specifically address those

126 Nev. 434, 438, 245 P.3d 542, 545 (2010) ("[A] district court is not obligated to wade through and search the entire record for some specific facts which might support the nonmoving party's claim."); *see also Johnson v. Cambridge Indus., Inc.*, 325 F.3d 892, 901 (7th Cir. 2003) ("[S]ummary judgment is the 'put up or shut up' moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events.").

With respect to appellant's second argument, appellant appears to be contending that its manager's own inspection was sufficient to satisfy the due diligence requirement in the parties' Residential Purchase Agreement, such that any defect he did not discover was not "within the reach of the diligent attention and observation of the buyer."[4] *Cf. Frederic*

---

arguments. *Francis v. Wynn Las Vegas, LLC*, 127 Nev. 657, 671 n.7, 262 P.3d 705, 715 n.7 (2011) (explaining why this court generally declines to consider arguments raised for the first time in a reply brief).

[4]With the possible exception of its claim for violation of NRS Chapter 645, all the claims in appellant's operative complaint appear to be based on the allegation that respondents *knowingly* did not disclose the complained-of defects. If so, appellant's second argument appears to be moot in light of our rejection of appellant's first argument. *See Wood*, 121 Nev. at 731, 121 P.3d at 1031 ("The substantive law controls which factual disputes are material and will preclude summary judgment; other factual disputes are irrelevant."); *Bulbman, Inc. v. Nev. Bell*, 108 Nev. 105, 111, 825 P.2d 588, 592 (1992) (observing that "[w]here an essential element of a claim for relief is absent, the facts, disputed or otherwise, as to other elements are rendered immaterial and summary judgment is proper."). Nonetheless, in the event we are misconstruing appellant's claims and arguments, we address appellant's second argument.

As for appellant's NRS Chapter 645 claim, we affirm the district court's summary judgment based on its finding that appellant did not rely on any representations from the broker respondents, which is a finding that

*& Barbara Rosenberg Living Tr. v. MacDonald Highlands Realty, LLC*, 134 Nev. 570, 578-79, 427 P.3d 104, 111 (2018) (observing that a seller is not liable for nondisclosure of a known condition materially affecting the property's value if the condition is also "within the reach of the diligent attention and observation of the buyer"). Admittedly, this court has not expanded on the meaning of "within the reach of the diligent attention and observation of the buyer." *Id.* However, appellant's manager acknowledged in his deposition that before appellant purchased the building, the manager had access to the same parts of the building that appellant's own expert had when the expert conducted his own inspection as part of this litigation, with the implication being that a "professional" pre-purchase inspection would have discovered the complained-of defects alleged in appellant's complaint. Thus, absent any authority suggesting that "diligent attention and observation of the buyer" would encompass a non-professional or unlicensed inspection, we are unable to conclude that the "inspection" conducted by appellant's manager—and his failure to discover the complained-of defects—provides a basis for holding respondents liable for nondisclosure of those alleged defects.[5]

Accordingly, and to the extent that appellant's second argument implicates an issue of "material" fact, *Wood*, 121 Nev. at 731, 121 P.3d at 1031 ("The substantive law controls which factual disputes are material and

---

appellant does not meaningfully contest on appeal. *Powell v. Liberty Mut. Fire Ins. Co.*, 127 Nev. 156, 161 n.3, 252 P.3d 668, 672 n.3 (2011) (providing that issues not raised by a party on appeal are deemed waived).

[5]In this, we note that the subject property was a 63-year-old apartment building that, by appellant's own admission, "should have been condemned" before appellant purchased it.

will preclude summary judgment . . . ."), we conclude that the district court correctly found that no genuine issue of material fact existed to justify denying summary judgment. We therefore affirm the district court's summary judgment in Docket No. 82835.

*Attorney fee award (Docket No. 83051)*

Appellant contends that the district court's award of attorney fees as a sanction under NRCP 11 must be reversed because the district court imposed that sanction in contravention of NRCP 11's explicit and mandatory procedural requirements. We agree. In particular, respondents did not serve notice of their motion at least 21 days before they filed the motion with the district court and the motion was not made separately from their summary judgment motion as required by NRCP 11(c)(2). The purpose of that provision is to allow the offending party to correct or withdraw a problematic pleading, and appellant was not afforded the benefit of that provision, which would have allowed appellant to avoid sanctions under that rule.[6] *Radcliffe v. Rainbow Constr. Co.*, 254 F.3d 772, 789 (9th Cir. 2001) (concluding that a defendant did not comply with the federal analog to NRCP 11 when it sought Rule 11 sanctions as part of a motion for summary judgment and did not serve the motion on the plaintiffs within Rule 11's 21-day advance service provision); *see also Barber v. Miller*, 146 F.3d 707, 710-11 (9th Cir. 1998) ("[W]arnings [are] not motions . . . , and

_____

[6]Although the summary judgment originally entered by the district court directed respondents to prepare an order to show cause, the district court's amended summary judgment removed that provision such that the district court did not order appellant to show cause why it should not be sanctioned. *See* NRCP 11(c)(3) (providing that the court, on its own, may order a party to "show cause why conduct specifically described in the order has not violated Rule 11(b)").

SUPREME COURT
OF
NEVADA

(O) 1947A

7

[Rule 11] requires service of a motion."). Thus, before sanctions may be imposed against an offending party, that party must be given "notice and a reasonable opportunity to respond." NRCP 11(c)(1). Here, respondents failed to comply with the mandatory procedural requirements of NRCP 11(c), which precludes the imposition of sanctions under NRCP 11.[7] We therefore reverse the district court's May 25, 2021, order in Docket No. 83051 insofar as that order awarded respondents attorney fees.

It is so ORDERED.[8]

_____, C.J.
Parraguirre

_____, J.          _____, Sr. J.
Herndon                                Gibbons

cc:    Hon. Adriana Escobar, District Judge
       James A. Kohl, Settlement Judge
       Day & Nance
       Michael B. Lee, P.C.
       Eighth District Court Clerk

---

[7]Respondents contend that the district court could have awarded the same sanctions under NRS 7.085 or NRS 18.010(2)(b). However, the district court expressly granted "attorneys' fees and costs pursuant to Rule 11," which required respondents to follow the appropriate procedures for the award to have been appropriate.

[8]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.