135 Nev., Advance Opinion 45

# IN THE SUPREME COURT OF THE STATE OF NEVADA

SFR INVESTMENTS POOL 1, LLC, A NEVADA LIMITED LIABILITY COMPANY; AND COPPER RIDGE COMMUNITY ASSOCIATION,
Appellants,
vs.
U.S. BANK, N.A., A NATIONAL BANKING ASSOCIATION, AS TRUSTEE FOR THE CERTIFICATE HOLDERS OF WELLS FARGO ASSET SECURITIES CORPORATION, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-AR4; AND NV WEST SERVICING, LLC, A NEVADA LIMITED LIABILITY COMPANY, AS TRUSTEE FOR NASHVILLE TRUST 2270,
Respondents.

No. 74532

**FILED**

SEP 2 6 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

Appeal from a district court summary judgment in a quiet title action. Eighth Judicial District Court, Clark County; Joanna Kishner, Judge.

*Reversed and remanded.*

Kim Gilbert Ebron and Athanasios E. Agelakopoulos, Jacqueline A. Gilbert, Howard C. Kim, and Diana S. Ebron, Las Vegas,
for Appellant SFR Investments Pool 1, LLC.

Alverson, Taylor & Sanders and Kurt R. Bonds and Trevor R. Waite, Las Vegas,
for Appellant Copper Ridge Community Association.

Snell & Wilmer LLP and Andrew M. Jacobs, Kelly H. Dove, and Holly E. Cheong, Las Vegas,
for Respondent U.S. Bank, N.A.

 

Noggle Law PLLC and Robert B. Noggle, Las Vegas,
for Respondent NV West Servicing, LLC.

BEFORE THE COURT EN BANC.

*OPINION*

By the Court, HARDESTY, J.:

In this homeowners' association (HOA) foreclosure case, the homeowner filed for bankruptcy protection under Chapter 11, which imposed an automatic stay on actions against her real property. The HOA subsequently sold the property at a foreclosure sale in violation of the stay. The purchaser, appellant SFR Investments Pool 1, LLC, sought to quiet title and obtained a retroactive annulment of the stay, which has the legal effect of validating the sale. The district court nevertheless set aside the sale on equitable grounds and granted summary judgment in favor of respondent U.S. Bank, N.A., finding that the HOA's foreclosure sale being conducted in violation of the bankruptcy stay on the property was evidence of unfairness and the sale price was inadequate.

We conclude that, although the retroactive annulment means that the sale did not legally violate the bankruptcy stay, it was reasonable for the district court to consider the bankruptcy stay in determining whether there was unfairness in the HOA foreclosure sale at the time it was held. However, the mere fact that the foreclosure sale was held in violation of the bankruptcy stay is not by itself evidence of unfairness. Because U.S. Bank failed to produce any evidence showing how the sale's violation of the automatic stay constituted unfairness, we reverse the district court's grant of summary judgment to U.S. Bank. Furthermore, because SFR met its burden of showing that the HOA foreclosure sale complied with the

SUPREME COURT
OF
NEVADA

(O) 1947A

procedures in NRS Chapter 116, which is conclusive proof that title vests with SFR, we remand with instructions for the district court to grant summary judgment in favor of SFR.

## FACTS AND PROCEDURAL HISTORY

The property at issue is located in a Nevada neighborhood governed by an HOA. The previous homeowner obtained a loan from Wells Fargo Bank for $331,500 and eventually defaulted on the loan. In 2010, Wells Fargo recorded a notice of default and election to sell under the deed of trust, and then assigned the beneficial interest in the deed of trust to U.S. Bank. In July 2010, a notice of trustee's sale was recorded but, before U.S. Bank could sell the property, the homeowner filed for Chapter 11 bankruptcy protection in California, which resulted in an automatic stay on actions impacting the property. With this knowledge, U.S. Bank filed a motion for relief from the automatic stay so that it could foreclose upon the property, and the bankruptcy court granted it.

In July 2012, shortly before U.S. Bank was granted relief from the bankruptcy stay, Nevada Association Services (NAS), as an agent for the HOA, recorded a notice of delinquent assessment lien and then recorded its own notice of default and election to sell under the HOA lien. NAS never requested relief from the automatic stay from the bankruptcy court. On March 1, 2013, NAS, on behalf of the HOA, held a foreclosure sale where SFR purchased the property for $14,000, in violation of the automatic stay. U.S. Bank did not attend the sale or attempt to stop it. A week after the HOA's foreclosure sale, U.S. Bank proceeded with its own foreclosure sale of the property by filing a notice of trustee's sale and, several months later, held a foreclosure sale and sold the property to respondent NV West Servicing, LLC.

SFR filed a complaint for quiet title and injunctive relief against U.S. Bank on March 22, 2013. U.S. Bank asserted counterclaims against SFR, seeking, amongst other things, declaratory relief and quiet title. It also brought a third-party complaint, bringing NAS and the HOA into the action.

The parties moved for summary judgment in January 2017. SFR argued that the HOA's foreclosure sale had extinguished U.S. Bank's deed of trust and that the trustee's deed to SFR was conclusive proof that the sale was conducted in compliance with NRS Chapter 116, so as to vest title in SFR. U.S. Bank argued, among other things, that the HOA's foreclosure sale was void for violating the bankruptcy stay, and, even if it was not void, it was voidable because the sale had been commercially unreasonable. U.S. Bank claimed that it had had no reason to believe that NAS or the HOA would, or could, foreclose on the HOA lien without first seeking leave of the bankruptcy court, and also that it did not know about the HOA sale because it did not receive notice until five days after the sale. In its opposition, SFR asserted that it had just filed a motion in the bankruptcy court for a retroactive annulment of the automatic stay, which was pending while the district court considered the summary judgment motions. It also argued that the HOA had provided notice of the foreclosure sale to U.S. Bank by way of Wells Fargo, who was the servicer for the loan on behalf of the trustee at that time, and there was no irregularity in the sale process.

On May 15, 2017, the bankruptcy court issued a limited order retroactively annulling the bankruptcy stay. The order specifically stated that any acts taken by SFR "to enforce its remedies regarding the [p]roperty do not constitute a violation of the stay," and provided the same relief "for

SUPREME COURT
OF
NEVADA

(O) 1947A

4

any and all actions in support of the foreclosure taken with respect to the [p]roperty by the [HOA and its agent]." After the district court received the bankruptcy court's order, it ordered supplemental briefing on the impact of the retroactive annulment on equitable relief. U.S. Bank supplemented its initial briefing by arguing that the bankruptcy court's decision to retroactively annul the automatic stay does not mean that the sale was fair, especially when the HOA clearly violated the stay whereas U.S. Bank delayed its own foreclosure proceedings to first obtain relief from the stay, in accordance with the law. It further argued that the sale price, which was just 6 percent of the property's fair market value, was grossly inadequate, and that the automatic stay dissuaded higher bidders from offering a commercially reasonable price based on knowledge that the sale could be declared void for violating the stay. SFR argued that it had not known about the bankruptcy stay at the time of the HOA sale, that U.S. Bank provided no evidence the bankruptcy stay was considered by SFR or any other potential bidder when SFR bid on the property, and that there was legally no violation of the stay because it was retroactively annulled.

The district court granted U.S. Bank's motion for summary judgment. It determined that, though SFR had purchased the property from the HOA in violation of an automatic stay, the sale was no longer void because the bankruptcy court had retroactively annulled the stay. The district court then applied *Golden v. Tomiyasu*, 79 Nev. 503, 387 P.2d 989 (1963), to determine that the sale should be set aside on equitable grounds. The court found that the sale price was inadequate in light of both the fair market value of the property and the initial amount originally loaned for the property, and that the HOA foreclosure sale conducted in violation of the bankruptcy stay constituted evidence of fraud, oppression, or unfairness

SUPREME COURT
OF
NEVADA

(O) 1947A

5

related to the sale. The district court explained that it was reasonable for U.S. Bank to expect that any party seeking to foreclose on the property would first need to seek relief from the automatic stay, and that U.S. Bank could not have reasonably foreseen at the time of the sale that years later SFR would obtain a retroactive annulment of the stay. The district court never made specific findings that the stay affected the sale price. Thus, the district court set aside the HOA foreclosure sale. SFR[1] appealed.

## *DISCUSSION*

We review a district court's decision to grant summary judgment de novo. *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005). Summary judgment is proper if "the pleadings and other evidence on file demonstrate that no genuine issue as to any material fact remains and that the moving party is entitled to a judgment as a matter of law." *Id.* (alteration and internal quotation marks omitted). All evidence "must be viewed in a light most favorable to the nonmoving party." *Id.* The party opposing a properly presented and supported summary judgment motion must "show the existence of a genuine issue of material fact." *Cuzze v. Univ. & Cmty. Coll. Sys. of Nev.*, 123 Nev. 598, 602, 172 P.3d 131, 134 (2007); *see also* NRCP 56(e). If the opposing party bears the burden of persuasion on the issue at trial, "the party moving for summary judgment may satisfy the burden . . . by . . . 'pointing out . . . that there is an absence of evidence to support the nonmoving party's case.'" *Cuzze*, 123 Nev. at 602-03, 172 P.3d at 134 (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)).

---

[1]The HOA similarly appealed and joined in SFR's arguments on appeal.

The filing of a bankruptcy petition imposes an automatic stay against the debtor's property. 11 U.S.C. § 362(a) (2012). In *LN Management LLC Series 5105 Portraits Place v. Green Tree Loan Servicing LLC*, we recognized that "a sale conducted during an automatic stay in bankruptcy proceedings is invalid." 133 Nev. 394, 395, 399 P.3d 359, 359 (2017). However, we did not address the impact on a sale where the bankruptcy court later issues a retroactive annulment of the stay. This type of relief from a stay "ratif[ies] retroactively any violation of the automatic stay which would otherwise be void." *In re Schwartz*, 954 F.2d 569, 573 (9th Cir. 1992) (discussing the bankruptcy court's power under 11 U.S.C. § 362(d), and explaining that "[i]f a creditor obtains retroactive relief under section 362(d), there is no violation of the automatic stay"). Therefore, the effect of SFR obtaining a retroactive annulment of the stay is that the otherwise void HOA sale, which violated the stay at the time it was made, is now valid.

The district court recognized the legal effect of the annulment and the validity of the HOA foreclosure sale in light of the retroactive annulment, but nevertheless, it relied on the HOA's violation of the stay to set aside the foreclosure on equitable grounds. Specifically, the district court determined that equity lay in favor of U.S. Bank because the inadequate sale price, coupled with the HOA foreclosure sale being conducted in violation of the automatic stay, constituted evidence of fraud, oppression, or unfairness related to the sale.

SFR takes issue with the district court's consideration of the bankruptcy stay as part of its equity analysis after the stay had been retroactively annulled by the bankruptcy court. SFR further argues that the district court erred in setting aside the foreclosure sale because the sale

price was not inadequate and U.S. Bank provided no evidence that the sale was unfair or that any unfairness brought about the sale price.

A foreclosure sale may be set aside if the price obtained is greatly inadequate and the sale is affected by some irregularity, such as evidence of fraud, oppression, or unfairness. *Golden*, 79 Nev. at 514, 387 P.2d at 995; *see also Nationstar Mortg., LLC v. Saticoy Bay LLC Series 2227 Shadow Canyon (Shadow Canyon)*, 133 Nev. 740, 748-49, 405 P.3d 641, 647-48 (2017) (reaffirming this rule from *Golden*). Before granting equitable relief, the court "must consider the entirety of the circumstances that bear upon the equities." *Shadow Wood Homeowners Ass'n v. N.Y. Cmty. Bancorp, Inc.*, 132 Nev. 49, 63, 366 P.3d 1105, 1114 (2016). "This includes considering the status and actions of all parties involved, including whether an innocent party may be harmed by granting the desired relief." *Id.* at 64, 366 P.3d at 1115.

SFR purchased the property for $14,000, which was 6.1 percent of its fair market value, $228,000. Despite this low purchase price, we will not set aside a sale unless the low price is "account[ed] for and br[ought] about" by fraud, oppression, or unfairness in the sales process. *Golden*, 79 Nev. at 514, 387 P.2d at 995 (internal quotation marks omitted). The district court found the sale during the stay was unfair because, at the time of the sale, it was reasonable of U.S. Bank to expect that the HOA would seek relief from the automatic stay before foreclosing, and it was not reasonably foreseeable that the HOA's sale would become valid years later by retroactive annulment.

First, we conclude that even though the sale did not legally violate the retroactively annulled stay, it was proper of the district court to consider the stay in balancing the equities, as the court must consider all of

SUPREME COURT
OF
NEVADA

(O) 1947A

8

the circumstances surrounding the sale. *See Shadow Wood*, 132 Nev. at 63-64, 366 P.3d at 1114-15. The fact that the sale was in violation of a bankruptcy stay at the time the sale was held may be relevant to U.S. Bank's failure to act and the sale price. *See, e.g., Golden*, 79 Nev. at 516, 387 P.2d at 995 (accounting for a list of irregularities that could justify a district court setting aside a sale, including selling property in a manner that prevents it from selling for full value). For example, it would be reasonable for a lender not to attend a foreclosure sale if it believes that the sale is being conducted in violation of a bankruptcy stay. And, it is possible that selling a home in violation of a bankruptcy stay, even if the stay is later retroactively annulled, could prevent bidders from attending the auction or offering a fair price.

However, we conclude that though the violation of the bankruptcy stay could hypothetically have been an unfairness that resulted in an inadequate sale price, U.S. Bank provided no evidence to show that it constituted an unfairness in this case. As the party challenging the foreclosure, U.S. Bank had the burden of establishing that the sale should be set aside on equitable grounds. *See Res. Grp., LLC ex rel. E. Sunset Rd. Tr. v. Nev. Ass'n Servs., Inc.*, 135 Nev., Adv. Op. 8, 437 P.3d 154, 156 (2019) (explaining that where "the purchaser demonstrated superior title by showing that it paid the sales price following a valid foreclosure sale," the party challenging the foreclosure has the burden of showing that the sale should be set aside).

U.S. Bank provided no evidence in the record to demonstrate that it chose not to protect its security interest or to attend the HOA foreclosure sale because of the automatic stay. Even assuming that a bank would not reasonably attend a foreclosure sale that violated an automatic

SUPREME COURT
OF
NEVADA

(O) 1947A

9

stay, U.S. Bank failed to present a factual basis that the sale was unfair.[2] It is established bankruptcy law that a retroactive annulment of a bankruptcy stay validates an otherwise void sale; therefore, the lawful action itself was not evidence of unfairness. *See In re Schwartz*, 954 F.2d at 573. U.S. Bank's counsel advanced arguments in its pleadings and in the hearings before the district court, but there is no evidence that any irregularity in the foreclosure proceedings affected the sale price. *See Nev. Ass'n Servs., Inc. v. Eighth Judicial Dist. Court*, 130 Nev. 949, 957, 338 P.3d 1250, 1255 (2014) (stating that "[a]rguments of counsel[, however,] are not evidence and do not establish the facts of the case" (second alteration in original) (internal quotation marks omitted)); *see also Wood*, 121 Nev. at 732, 121 P.3d at 1031 (observing that a party opposing summary judgment must "do more than simply show that there is some metaphysical doubt as to the operative facts" (internal quotation marks omitted)). Thus, we conclude that summary judgment for U.S. Bank was not proper because U.S. Bank failed to meet its burden to show that no genuine issue of material fact remained. *See Wood*, 121 Nev. at 729, 121 P.3d at 1029.[3] We

---

[2]While there may be information in the record demonstrating that the property's sale price at U.S. Bank's subsequent foreclosure sale a few months later was much higher, the district court did not make this finding, and the parties do not raise this point before the court. *Shuck v. Signature Flight Support of Nev., Inc.*, 126 Nev. 434, 438, 245 P.3d 542, 545 (2010) ("[S]earch[ing] the entire record, even though the adverse party's response does not set out the specific facts or disclose where in the record the evidence for them can be found, is unfair." (quoting *Carmen v. S.F. Unified Sch. Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001)).

[3]SFR argues for the first time in its reply brief that the bankruptcy court had sole jurisdiction to enforce and annul the stay, and the district court lacked the power and jurisdiction to grant relief in light of the

SUPREME COURT
OF
NEVADA

(O) 1947A

conclude further that summary judgment for SFR was proper[4] because the record supports that the sale was properly, lawfully, and fairly carried out in compliance with NRS Chapter 116 and nothing in the record demonstrates why U.S. Bank failed to attend the sale or otherwise protect its interest in the property or how the automatic stay affected the sale price. *See Shadow Canyon*, 133 Nev. at 746, 405 P.3d at 646 (noting statutory presumptions in favor of the record titleholder and that the HOA's foreclosure sale complied with NRS Chapter 116's provisions).

---

annulment order. We decline to entertain these arguments. *See Bongiovi v. Sullivan*, 122 Nev. 556, 569 n.5, 138 P.3d 433, 443 n.5 (2006) (declining to consider arguments raised for the first time in a reply brief); *see also* NRAP 28(c) (limiting a reply brief to answering any matter set forth in the opposing brief).

SFR also argues that it is a bona fide purchaser and would be harmed by setting aside the foreclosure. Because we reverse the district court's grant of summary judgment to U.S. Bank, we decline to reach this issue.

[4]U.S. Bank argued before the district court that it lacked notice as an independent reason it should have been granted summary judgment. The district court did not rely on this argument and it is not advanced on appeal. Because U.S. Bank has not advanced the notice argument on appeal, it is waived. *See* NRAP 28(b); NRAP 28(a)(10)(A)-(B) (requiring the respondent to state its contentions and reasons why it should succeed on appeal); *see also Hillman v. I.R.S.*, 263 F.3d 338, 345 (4th Cir. 2001) (Hamilton, J., dissenting) ("[C]ommon sense dictates that if the [respondents] waived their right to have this court consider their alternative argument on appeal, they have also waived their right to have the district court now, following resolution of the appeal, consider it in the first instance."); *United States v. Guillen-Cruz*, 853 F.3d 768, 777 (5th Cir. 2017) (considering appellees' argument forfeited when they failed to raise it in their brief and "the facts supporting the [appellees'] argument . . . were readily available prior to briefing").

Accordingly, we reverse the district court's grant of summary judgment to U.S. Bank and remand with instructions for the district court to grant summary judgment in favor of SFR.

_____, J.
Hardesty

We concur:

_____, C.J.
Gibbons

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Stiglich

_____, J.
Cadish

_____, J.
Silver

SUPREME COURT
OF
NEVADA

(O) 1947A