IN THE SUPREME COURT OF THE STATE OF NEVADA

WELLS FARGO BANK, N.A., AS
TRUSTEE ON BEHALF OF THE
CERTIFICATEHOLDERS PARK PLACE
SECURITIES, INC. ASSET-BACKED
PASS-THROUGH CERTIFICATES
SERIES 2005-WCW 1,
Appellant,
vs.
ALAM INVESTMENTS, LTD.,
Respondent.

No. 77606

FILED

MAY 15 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order granting summary judgment in an action to quiet title. Eighth Judicial District Court, Clark County; Elizabeth Goff Gonzalez and Linda Marie Bell, Judges. Reviewing the summary judgment de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), we affirm.[1]

Appellant contends that the foreclosure sale should be set aside on equitable grounds because the HOA's agent (Red Rock) sent letters to appellant's predecessor and the HOA indicating Red Rock's belief that the foreclosure sale would not extinguish the first deed of trust. *Cf. Nationstar Mortg., LLC v. Saticoy Bay LLC Series 2227 Shadow Canyon*, 133 Nev. 740, 747-50, 405 P.3d 641, 647-49 (2017) (reaffirming that inadequate price alone is insufficient to set aside a foreclosure sale absent evidence of "fraud,

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

20-18620

unfairness, or oppression"). However, appellant has not produced evidence that appellant's predecessor or the HOA relied upon that representation such that bidding was chilled.[2] *See id.* at 741, 405 P.3d at 643 (observing that there must be "'some element of fraud, unfairness, or oppression *as accounts for and* brings about the inadequacy of price'" to justify setting aside a foreclosure sale on equitable grounds (emphasis added) (quoting *Shadow Wood Homeowners' Assn v. N.Y. Cmty. Bancorp, Inc.,* 132 Nev. 49, 58-59, 366 P.3d 1105, 1111 (2016))); *see also Nev. Ass'n Servs., Inc. v. Eighth Judicial Dist. Court,* 130 Nev. 949, 957, 338 P.3d 1250, 1255 (2014) ("Arguments of counsel are not evidence and do not establish the facts of the case." (internal quotation marks and alteration omitted)). Moreover, a party's mistaken belief regarding the foreclosure sale's effect could not have altered the sale's actual legal effect, particularly when the superpriority portion of the HOA's lien was still in default at the time of the sale. *See Wells Fargo Bank, N.A. v. Radecki,* 134 Nev. 619, 622, 426 P.3d 593, 596-97 (2018) (recognizing that a party's subjective belief as to the foreclosure sale's effect cannot alter the sale's actual effect).

Appellant also contends that the foreclosure sale was void or that it should be set aside on equitable grounds because the Notice of Sale was not mailed to appellant. However, appellant did not raise this argument in district court, and we decline appellant's request to consider the argument in the first instance. *See Old Aztec Mine, Inc. v. Brown,* 97 Nev. 49, 52, 623 P.2d 981, 983 (1981). Although appellant's Counterclaim and Amended Counterclaim alluded to the failure to mail the Notice of Sale,

---

[2]We recognize that the HOA acquired the property by credit bid, but appellant has not produced any evidence indicating that Red Rock made any such representation to prospective bidders.

appellant did not argue in its summary judgment motion practice or in its motion for reconsideration that the Notice of Sale *in this case* was not properly mailed. *See Schuck v. Signature Flight Support of Nev., Inc.*, 126 Nev. 434, 438, 245 P.3d 542, 545 (2010) ("[A] district court is not obligated to wade through and search the entire record for some specific facts which might support the nonmoving party's claim." (internal quotation marks omitted)).

Appellant further contends that unfairness exists justifying setting aside the sale because the HOA placed a credit bid for the full amount of its lien, which may have chilled bidding, and because Red Rock's post-sale distribution of proceeds was inconsistent with a superpriority sale. However, these arguments were not made in district court until appellant's motion for reconsideration, and the district court was within its discretion in determining that the amount of the HOA's credit bid and the post-sale distribution of proceeds were not "newly discovered or previously unavailable evidence."[3] *See AA Primo Builders*, 126 Nev. at 582, 589, 245 P.3d at 1193, 1197 (reviewing for an abuse of discretion the district court's denial of an NRCP 59(e) motion and indicating that one of the grounds for granting an NRCP 59(e) motion is the presentation of evidence that is newly discovered or was previously unavailable); *see also Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 892 n.6 (9th Cir. 1994) ("Evidence is not newly discovered

---

[3]Nor are we persuaded that this court's unpublished disposition in *JPMorgan Chase Bank, N.A. v. 1209 Village Walk Trust, LLC*, Docket No. 69784 (Order Affirming in Part, Reversing in Part and Remanding, March 20, 2018), constituted a change in controlling law or rendered the district court's summary judgment order a manifest error of law or fact. *See AA Primo Builders, LLC v. Washington*, 126 Nev. 578, 582, 245 P.3d 1190, 1193 (2010) (discussing NRCP 59(e) and listing bases for granting a motion for reconsideration under that rule).

if it was in the party's possession at the time of summary judgment or could have been discovered with reasonable diligence."). In light of the foregoing, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Gibbons

_____, J.
Stiglich

_____, J.
Silver

cc:   Hon. Elizabeth Goff Gonzalez, District Judge
      Hon. Linda Marie Bell, Chief Judge
      Ara H. Shirinian, Settlement Judge
      Gerrard Cox & Larsen
      Wright, Finlay & Zak, LLP/Las Vegas
      Morris Law Center
      Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A